Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6937 | **DATE** | 4/28/2004 |
| **CASE TITLE** | ALVIN VARNADO vs. TRANS UNION, LLC and NICOR GAS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Nicor's motion to dismiss [doc. # 4-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
APR 2 9 2004

ALVIN VARNADO, )
)
)
)
Plaintiff, )
) **Judge Ronald A. Guzmán**
v. )
) 03 C 6937
TRANS UNION, LLC and NICOR GAS, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

This action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, is before the Court on Defendant Nicor Gas' ("Nicor") motion to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the reasons set forth below, the motion is denied.

## FACTS[1]

Plaintiff alleges that Nicor, as a furnisher of information under the FCRA, transmitted inaccurate information regarding Plaintiff's consumer debt to Trans Union LLC, a credit reporting agency under the FCRA. In July 2003, Plaintiff challenged the accuracy of that information in written correspondence with Trans Union. Plaintiff alleges that Trans Union notified Nicor of this dispute but failed to provide Nicor with all relevant information. Upon receiving notice of the dispute, Nicor allegedly breached its

---

[1] The following well-pleaded facts must be taken as true for the purpose of this motion. *Shell Oil Co. v. Aetna Cas. & Sur. Co.*, 158 F.R.D. 395, 399 (N.D. Ill. 1994).

duty under section 1681s-2(b) to properly reinvestigate Plaintiff's debt.

Nicor has moved to dismiss Count III of the complaint pursuant to Rule 12(b)(6). Nicor argues that Plaintiff has failed to allege that Nicor received notice sufficient to trigger its statutory duties under section 1681s-2(b).

## DISCUSSION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quotations omitted). "In considering a motion to dismiss, a court must accept as true all the well-pleaded material facts in the complaint and must draw all reasonable inferences from those facts in the light most favorable to the plaintiff." *Shell Oil*, 158 F.R.D. at 399. The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The FCRA contains two provisions that are in question in this case. First, the FCRA provides that a credit reporting agency, after receiving notice of a dispute from a consumer, "shall provide notification of the dispute to any person who provided any item of information in dispute . . . . The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. § 1681i(a)(2)(A) (2004). The Act also provides that once a furnisher of information receives notice from a credit reporting agency pursuant to section 1681i(a)(2) that a consumer has disputed the information provided, the furnisher is required to:

2

> A) conduct an investigation with respect to the disputed information;
> B) review all relevant information provided by the consumer reporting agency pursuant to section 1681a(2) [of the FCRA];
> C) report the results of the investigation to the consumer reporting agency; and
> D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b). If the furnisher of information fails to abide by the terms of section 1681s-2(b), the consumer has a private right of action to enforce its terms. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926 (N.D. Ill. 2000) (holding that the language of the FCRA, its legislative history, and its text supports the conclusion that "individual consumers do have a private right of action against a furnisher of information under Subsection (b) of Section 1681s-2 of the FCRA").

First, Plaintiff alleges that Trans Union failed to provide Nicor with "all relevant information" regarding Plaintiff's dispute. (Compl. ¶ 19(b).) Second, Plaintiff alleges that Nicor did receive notice from Trans Union of the dispute and failed to take the appropriate steps under section 1681s-2(b). (*Id.* ¶ 33(a).) Plaintiff argues that the credit reporting agency's obligation to provide the furnisher with "all relevant information" under section 1681i(a)(2)(A) is conceptually distinct from its obligation to provide the furnisher with "notice," the latter of which triggers the furnisher's obligation to reinvestigate under section 1681s-2(b).

This Court disagrees. The statutory language makes clear that the duties of furnisher of information under section 1681s-2(b) are only triggered upon "notice

*pursuant to section 1681i(a)(2)* of this title of a dispute." 15 U.S.C. § 1681s-2(b)(1) (emphasis added). Section 1681i(a)(2), in turn, defines notice as "includ[ing] all relevant information regarding the dispute that the agency has received from the consumer or reseller." Equating notice and the provision of all relevant information is consistent with the requirements of section 1681s-2(b)(1). Subsection (A) provides that the furnisher of information, upon receiving "notice," must conduct an investigation with respect to the "disputed information." Similarly, subsection (B) provides that the furnisher must "review all relevant information provided." If this Court adopted Plaintiff's interpretation, *i.e.*, that the credit reporting agency's obligation under section 1681i(a)(2) was merely to tell the furnisher that a dispute existed without providing "all relevant information," it would undermine the full scope of the furnisher's obligations under section 1681s-2(b). Thus, the Court concludes that Nicor's duty to conduct an investigation, review all relevant information, and report the results of the investigation to the consumer reporting agency is triggered by proper notice pursuant to section 1681i(a)(2) provided by Trans Union.

It is true that while Rule 8(e)(2) permits inconsistent pleading, *Moriarty v. Larry G. Lewis Funeral Dirs. Ltd.*, 150 F.3d 773, 777 (7th Cir. 1998), the federal rules require Plaintiff to make a "reasonable inquiry" prior to "drop[ping] papers into the hopper and insist[ing] that the court or opposing counsel undertake bothersome factual and legal investigation." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc). In *Densmore v. General Motors Acceptance Corp.*, where the plaintiff sued a furnisher of information for failure to investigate a disputed debt, the court stated that "a party may not file a lawsuit in order to conduct a fishing expedition based on a hunch,"

4

especially when the key information as to whether the furnisher of information received notice from a consumer credit reporting agency is "readily accessible without discovery." No. 03 C 1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003). The *Densmore* court reasoned that the FCRA provides that "a consumer is entitled to receive 'a description of the procedure used to determine the accuracy and completeness of the information . . . including the business name and address of any furnisher of information contacted in connection with such information.'" *Id.* (quoting 15 U.S.C. § 1681i(a)(6)(A)). As such, "[t]he answer to the critical question regarding notice is readily ascertainable" and it is inappropriate for a plaintiff to "drag [a furnisher] into court without conducting a concrete investigation into whether its duties under the FCRA were ever triggered." *Id.*

While the Court finds *Densmore* informative as to whether Rule 11 sanctions may be appropriate down the road, this Court holds that at the pleading stage, given the liberal pleading standards it cannot dismiss Count III against Nicor because Varnado may be able to prove a set of facts that would entitle him to relief. If, through discovery, Nicor establishes that its duty under the FCRA was never triggered, then, of course, Plaintiff faces the very real possibility of Rule 11 sanctions because Plaintiff had an easy avenue to determine whether Nicor received notice under the FCRA and should have taken it before filing suit. The Court therefore denies Nicor's motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court denies Nicor's motion to dismiss [doc. no. 4-1].

**SO ORDERED**  ENTERED: 4/28/04

**HON. RONALD A. GUZMAN**
**United States Judge**