## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6937 | **DATE** | 7/26/2004 |
| **CASE TITLE** | Varnado vs. Trans Union LLC, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■   [Other docket entry]   Enter Memorandum Opinion and Order denying defendant's motion for summary judgment.

(11) ■   [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| yp | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

2004 JUL 26 PM 5:03

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| ALVIN VARNADO, | ) |
| | ) |
| Plaintiff, | )     03 C 6937 |
| | ) |
| v. | )     Judge Ronald A. Guzmán |
| | ) |
| TRANS UNION LLC, NICOR GAS, | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JUL 2 9 2004

## MEMORANDUM OPINION AND ORDER

Defendant, Nicor Gas, has moved for summary judgment supported by a three page memorandum. On July 14, 2004, the Court continued the motion generally. Today, having reviewed the motion and memorandum the Court issues the following determination without the requirement of responsive filings. Defendant advances a single argument: "Pursuant to well-established law, a release of one joint tortfeasor releases all joint tortfeasors. (Def.'s Br. at 3 (citing *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1340 (7th Cir. 1991).) However, defendant fails to take into account the effect of the Illinois Joint Tortfeasor Contribution Act, 740 ILL. COMP. STAT. 100/1 *et seq.* Section 2(c) to of the Act provides in part:

1

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in amount of the consideration actually paid for it, whichever is greater.

The purpose of this act was to abrogate the harsh, common law rule upon which defendant relies – that the release of one joint tortfeasor releases all joint tortfeasors. *Alsup v . Firestone Tire & Rubber Co.*, 461 N.E.2d 361, 364 (Ill. 1984). Unless the release by plaintiff specifically names and releases other joint tortfeasors, it does not operate to release other unnamed tortfeasors. *Id.*; *see Brady v. Prairie Material Sales, Inc.*, 546 N.E.2d 802, 808 (Ill. App. Ct. 1989); *see also Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 458 (7th Cir. 1991) (recognizing the effect of *Alsup* on tort law).

In the case before the Court, the release given to the settlement tortfeasor does not purport in any way to release any of the other joint tortfeasors, and, therefore, cannot operate to do so. For this reason, the Court denies defendant's motion for summary judgment.

**SO ORDERED**             **ENTER:**  7/26/04

*[signature]*

**RONALD A. GUZMAN**
**United States Judge**

2